IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARIN BAIRD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 CV 11606 |
| | ) | |
| v. | ) | |
| | ) | |
| SPERTUS INSTITUTE OF JUDAICA, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Karin Baird, by her attorneys, Law Office of James X. Bormes, P.C., complains against the Defendant, the Spertus Institute of Judaica, as follows:

### NATURE OF THE ACTION

1. This is an action brought pursuant to the Equal Pay Act of 1963, 29 U.S.C. 206(d) (the "EPA"). Plaintiff alleges that Defendant violated her rights under the EPA by paying her wages lower than those paid to her male co-workers when performing a substantially equal job as her male co-workers.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and the events giving rise to Plaintiff's claims occurred in this district.

### THE PARTIES

4. Plaintiff Karin Baird, a female, is a resident of Holland, Michigan, and is a former

employee of Defendant. Plaintiff worked for Defendant as an academic administrator at the Spertus Institute located at 610 S. Michigan Avenue in Chicago, Illinois.

5. Defendant, Spertus Institute of Judaica, is an Illinois not-for-profit corporation with its principal place of business located in Chicago, Illinois.

6. At all relevant times, Defendant has been an "employer" as defined by the EPA, 29 U.S.C. § 203(d).

7. At all relevant times, Plaintiff has been an "employee" of Defendant, as such term is defined by the EPA, 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

8. Between approximately 2005 and 2007, Plaintiff was offered the position of Academic Advisor for the Master of Science in Nonprofit Management ("MSNM") degree program and worked for Defendant part-time.

9. In approximately 2007, Defendant promoted Plaintiff to the position of Faculty Chair. Plaintiff's new title upon her promotion was Academic Advisor and Faculty Chair of the MSNM program.

10. In approximately August 2008, Defendant promoted Plaintiff to a full-time position with academic administrative duties and responsibilities. Plaintiff's title remained the same.

11. In 2008, Plaintiff earned a salary of $40,000.00, plus $83.00 per month, per student, for whom she provided academic advising services toward completion of their master's thesis. In approximately January 2009, Defendant reduced salary to $25,000.00. She continued to earn $83.00 per month, per student completing their master's thesis. In approximately July 2009, Defendant set Plaintiff's salary at $50,000, and eliminated the $83.00 per month, per student payment to Plaintiff. Throughout this period, Plaintiff's title remained Faculty Chair and

Academic Advisor.

12. In July 2010, Defendant offered Plaintiff a promotion to "Acting Director" of the MSNM program. Plaintiff accepted the promotion.

13. The title of "Acting Director" did not exist at Defendant's institute prior to Plaintiff's promotion. Instead, only the title of "Director" existed.

14. All of the academic level Director positions at Defendant's institute were filled by male employees with doctorate level degrees.

15. Plaintiff has a doctorate level degree.

16. There were no substantive differences between the positions of "Acting Director", and "Director". Both job positions performed the following duties and responsibilities: (a) implementation of a pre-set institutionally designed academic program model; (b) responsible for delivery of institutionally prescribed pre-set academic content; (c) overall administrative functions for the delivery of an academic program; (d) facilitating new student orientation; (e) providing academic advising and support for students; (f) reviewing, monitoring and evaluating curriculum content; (g) ensuring high quality program delivery; (h) evaluating part time adjunct faculty members; (i) adjudication of student-faculty disagreements; (j) resolution of behavioral issues, problems and conflicts; (k) tracking student compliance with satisfactory academic progress; and (l) monitoring other academic-related issues such as attendance, course completion, program completion, and qualification for graduation.

17. All academic directors of Defendant taught courses. "Directors" with PhD level degrees taught approximately five or six courses per year. Plaintiff, the "Acting Director", who also has a PhD, was paid a substantially lower salary than Directors and could earn extra income beyond her salary by teaching courses in the program she directed. Plaintiff was paid an hourly

3

wage for teaching, which did not enable her to earn the same level of income as her peers.

18. In approximately July 2010, after Plaintiff accepted the promotion to "Acting Director", her salary remained at $50,000.00.

19. Male academic program "Directors" of Defendant, including Dr. Byron Sherwin and Dr. Barry Chazan, who also had full time responsibilities as academic administrators, earned annual salaries of approximately $110,000.00.

20. Defendant also gave male Directors the additional title of "Professor", even though at least two male Directors did not meet the qualifications to be deemed Professors as set forth in Defendant's Faculty Manual.

21. In approximately 2014, Defendant demoted Mr. Chazan due to poor job performance. His title changed from "Director" to "Founding Director." However, upon information and belief, Mr. Chazan still earned an annual salary in excess of Plaintiff's salary of $50,000.00 after his demotion.

22. In approximately 2012, Plaintiff asked for a title change to "Director" and asked for an increase in salary commensurate with that of a Director.

23. Defendant did not agree to the title change or increase in salary.

24. Instead, Defendant added "Assistant Professor" to Plaintiff's title to create a new title of "Assistant Professor and Acting Director". No other changes were made either to Plaintiff's administrative responsibilities or to her opportunity to earn additional compensation through teaching.

25. In approximately June 2014 and June 2015, Plaintiff again asked for a title change to Director and asked for an increase in salary. Defendant did not agree to Plaintiff's requests.

26. In approximately July 2015, Plaintiff received a 3% increase in her salary, to

4

$51,500.00.

27. In 2016, Plaintiff inquired as to why she was never promoted from "Acting Director" to "Director". Defendant stated that the requested change in title had "salary implications."

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

28. Plaintiff hereby incorporates paragraphs 1-27 as paragraph 28 of this Count I.

29. At all times relevant, Defendant was subject to the provisions of the EPA, 29 U.S.C. § 206(d).

30. At all times relevant, Defendant was an employer within the meaning of the EPA, 29 U.S.C. § 203(d).

31. At all times relevant, Plaintiff was an employee of Defendant within the meaning of the EPA, 29 U.S.C. § 203(e).

32. Defendant paid higher wages to male employees who were performing work equal to or less than Plaintiff, which work required substantially similar skill, effort and responsibilities.

33. The work performed by the male employees and Plaintiff was performed under similar working conditions.

34. Defendant has discriminated against Plaintiff in violation of the EPA.

35. As a result of this discrimination, Plaintiff has lost pay and benefits of her employment.

36. Defendant's actions have been intentional, willful, and taken in reckless disregard of Plaintiff's legal rights as protected by the EPA.

WHEREFORE, Plaintiff prays for this Court to enter judgment on this Count on her behalf and against Defendant, and prays that the Court award her the following relief:

A. The difference between Plaintiff's pay rate and the pay rate of her male coworkers during the relevant time period;

B. Liquidated damages;

C. Pre-judgment and post-judgment interest;

D. Attorneys' fees and costs; and

E. Such further relief as this Court deems equitable and just.

    Respectfully submitted,

    KARIN BAIRD,

    /s/ James X. Bormes
    Attorney for Plaintiff

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, IL  60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com